UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PHYLLIS MOLCHATSKY and STEVEN SCHNEIDER, M.D,

        Plaintiffs,

-v-                                                No. 09 Civ. 8697 (LTS)(AJP)

UNITED STATES OF AMERICA,

        Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 24 2012

## MEMORANDUM ORDER

        Plaintiffs brought this suit under the Federal Tort Claims Act, alleging that the Securities and Exchange Commission (the "SEC") acted negligently by failing to properly investigate and act to stop the fraud perpetrated by Bernard L. Madoff and his firm, Bernard L. Madoff Investment Securities LLC (collectively, "Madoff"). On April 19, 2011, the Court issued an Opinion and Order (the "April 2011 Opinion") dismissing Plaintiffs' complaint for lack of subject matter jurisdiction. The Court found that Plaintiffs' claims were barred by the discretionary function exception to the waiver of sovereign immunity in the Federal Tort Claims Act. Before the Court is Plaintiffs' motion for relief from judgment under Fed. R. Civ. P. 60(b), on the basis of newly discovered evidence that the SEC destroyed numerous investigative records in violation of federal record retention laws. For the following reasons, Plaintiffs' motion is denied.

## BACKGROUND

### The Federal Tort Claims Act and the Discretionary Function Exception

        The Federal Tort Claims Act ("FTCA") is a waiver of sovereign immunity that

allows the United States to be held liable in tort "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b) (West 2006).

The discretionary function exception ("DFE"), however, is "a significant limitation on the waiver of immunity provided by the [FTCA]." Coulthurst v. United States, 214 F.3d 106, 108 (2d Cir. 2000). The DFE excepts from the FTCA's coverage "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680(a) (West 2006). For suit to be barred under the DFE, two conditions must be met: "(1) the acts alleged to be negligent must be discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in 'considerations of public policy' or susceptible to policy analysis." Coulthurst, 214 F.3d at 109 (citing United States v. Gaubert, 499 U.S. 315, 322-23 (1991); Berkovitz v. United States, 486 U.S. 531, 536-37 (1988)).

Factual and Procedural History

Unless otherwise noted, the following facts are derived from the allegations of the Complaint and Plaintiffs' additional factual proffers, and are taken as true for purposes of this motion practice. Between 1992 and 2008, the SEC received numerous detailed, credible complaints regarding Madoff, including several complaints indicating that Madoff was operating a Ponzi scheme. (Compl. ¶¶ 1, 5.) The SEC's response to these complaints was flawed in

numerous respects (id. ¶¶ 1-2) and, as a result of the SEC's actions and inactions, Madoff's scheme continued, ultimately resulting in billions of dollars in losses for its investors. (Id. ¶ 2). Plaintiffs suffered more than $2.4 million in losses as a direct consequence of Madoff's scheme. (Id.)

On August 31, 2009, the SEC's Office of Inspector General released a Report entitled "Investigation of Failure of the SEC to Uncover Bernard Madoff's Ponzi Scheme - Public Version" ("the OIG Report"). The OIG Report documented numerous failures by the SEC that allowed the Madoff scheme to continue and expand, despite the complaints received. (Compl. ¶ 12.) For example, the OIG Report found that the SEC's investigations were conducted by inexperienced staff and that their scope and execution were deeply flawed (id. ¶ 13), and concluded that there was a "systematic breakdown[] in the manner in which the SEC conducted its examinations and investigations." (Id.)

Plaintiffs' Complaint arose from the OIG Report and alleged that the SEC's negligence in investigating complaints about Madoff allowed the scheme to continue and resulted in enormous losses for Madoff investors. (Compl. ¶ 2.) The Government moved to dismiss the Complaint, arguing that the Government's waiver of sovereign immunity under the FTCA did not apply to Plaintiffs' suit because the SEC's actions during the investigations were discretionary and, consequently, covered by the DFE. Subsequently, the Court accepted twenty-seven additional cases filed by other Madoff victims as related to Molchatsky and stayed proceedings in these cases pending disposition of the Government's motion to dismiss in Molchatsky. In its April 2011 Opinion the Court, despite acknowledging the SEC's "sloppy, uninformed, irresponsible behavior" (Opinion at 19), dismissed Plaintiffs' complaint for lack of subject matter jurisdiction, holding that the DFE barred the suit because Plaintiffs "fail[ed] to

identify any specific, mandatory duty that the SEC violated." (Opinion at 19.) The Court found that:

> Plaintiffs have not identified any mandatory directive that requires, for instance, that a certain type of investigative team investigate a certain type of complaint, that investigative teams be staffed with employees with a certain amount of experience or level of expertise, that investigations begin within a certain window of time after a complaint is received, or that teams or offices share information or coordinate investigations in a particular way.

(Id.) The Court subsequently dismissed all twenty-seven related cases for lack of subject-matter jurisdiction for substantially the reasons set forth in Molchatsky. The Molchatsky plaintiffs filed a notice of appeal of the Court's judgment on June 20, 2011, as did plaintiffs in eight of the related cases. The Second Circuit Court of Appeals has consolidated these appeals, which remain pending, although they have been stayed pending this Court's disposition of the instant motion for relief from judgment.

On October 28, 2011, the Molchatsky plaintiffs filed the instant motion for relief from judgment under Fed. R. Civ. P. 60(b)(2) and, shortly thereafter, plaintiffs in all twenty-seven of the related cases joined in the motion. Plaintiffs allege that newly discovered evidence shows that, for years, the SEC - in particular its Enforcement Division - has been destroying documents in violation of federal law. (Declaration of Howard Elisofon in Support of Plaintiffs' Motion for Relief from Judgment ¶ 12, Oct. 28, 2011, ECF No. 52) (hereinafter "Elisofon Decl.") This evidence, provided by Darcy Flynn - a whistleblower and SEC attorney - suggests that the SEC routinely destroys documents created or received in both formal and preliminary investigations upon the close of those investigations. Id. Flynn estimates that at least 9,000 files related to preliminary investigations have been destroyed, including files related to investigations of Madoff. (Id. ¶ 13.) Flynn believes that the SEC's record destruction policy is

illegal, as the responsibility for maintaining and destroying federal records belongs to National Archives and Records Administration (NARA). (Id. ¶ 16.) Specifically, Flynn asserts that the SEC's policy of destroying records violates an agreement between the SEC and NARA that investigative records are to be maintained for 25 years and, if any files are to be destroyed after that time period, NARA, not the SEC, is to complete the shredding. (Id.) The SEC's document destruction policies are documented in an investigative report recently released by the SEC's Office of Inspector General. (Reply Declaration of Howard Elisofon in Further Support of Plaintiffs' Motion for Relief from Judgment, Exh. A, OIG Records Report) (hereinafter "OIG Records Report.") Plaintiffs now ask the Court to vacate its previous judgment, arguing that the evidence that the SEC violated federal record retention laws removes this case from the purview of the FTCA's DFE.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b). The movant must establish that "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." Frankel v. ICD Holdings S.A., 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996). The only question at this juncture is whether the evidence that the SEC violated federal record retention laws is of such importance that it probably would

have changed the outcome of the Court's earlier discretionary function analysis.[1]

The DFE bars suit when "the acts alleged to be negligent [are] discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation." Coulthurst v. United States, 214 F.3d 106, 109 (2d Cir. 2000). Here, Plaintiffs alleged in their Complaint that the SEC's actions and inactions "during its multiple investigations and examinations of [Madoff]" were negligent. (Compl. ¶ 1.) The Court dismissed the case on the basis of the DFE because Plaintiffs failed to allege any violation of a statute or regulation requiring the SEC to conduct its investigations in any particular way. (Opinion at 21.) Plaintiffs now argue that, since they have alleged that newly discovered evidence shows that the SEC violated a specific statutory directive (federal record-retention law), the DFE no longer bars the suit. Plaintiffs assert that the SEC's allegedly improper destruction of records is the proximate cause of their injury, arguing that, had the records been retained, the SEC would have detected Madoff's fraud. But even if the destroyed records contained information that could have helped uncover Madoff's fraud, an exercise of discretion by the SEC to take action on the basis of the information would have been necessary to prevent or mitigate Plaintiffs' claimed injury. Thus, "[Plaintiffs'] injury arises from the scope, manner, and results of investigative activity, which is inherently discretionary and policy-driven, rather than from individual failures to perform specific tasks competently."[2] (Opinion at 21.)

---

[1] A court lacks jurisdiction to alter a judgment pursuant to Rule 60(b) when an appeal is pending as to the judgment. Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992). In this situation, a district court may "(a) defer considering the motion; (b) deny the motion; or (c) state either that it would grant the motion if the appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

[2] Additionally, Plaintiffs' motion papers acknowledge that the destroyed records were documents from closed preliminary investigations that the SEC had already decided,

The DFE bars suit when "discretion intervenes between an alleged government wrongdoer and the harm suffered by a plaintiff," even if the government wrongdoer violated a mandatory duty. General Dynamics Corp. v. United States, 139 F.3d 1280, 1285 (9th Cir. 1998). In General Dynamics, the Department of Justice ("DOJ") sued a defense contractor based on an audit report that had been negligently prepared by the Defense Contract Audit Agency ("DCAA"). Despite acknowledging that the DCAA had violated a mandatory duty in its preparation of the audit, the court found that suit against the DCAA was barred by the DFE because of the DOJ prosecutor's intervening exercise of discretion.

> Where, as here, the harm actually flows from the prosecutor's exercise of discretion, an attempt to recharacterize the action as something else must fail. And there can be no doubt that the buck stopped at the prosecutors. True, they had a report from the DCAA, but the decision to prosecute was all their own. They were not required to prosecute, and were not forced to do so.

General Dynamics, 139 F.3d at 1286. Similarly, even if the SEC violated a mandatory duty by its alleged destruction of records, its discretionary action or inaction with respect to what, if any, enforcement measures to take in response to its investigation remains the lynchpin of applicability of the DFE.[3] The Securities Exchange Act of 1934 provides that "the Commission may, in its discretion, make such investigations as it deems necessary" and "is authorized in its discretion . . . to investigate any facts, conditions, practices, or matters which it may deem necessary or proper to aid in the enforcement of [securities laws]." 15 U.S.C.A. § 78u(a)(1)

---

in its discretion, to not pursue. (OIG Records Report at 2.) Therefore, the destruction of those records, whether legal or not, could hardly be the cause of Plaintiffs' injuries.

[3] See, e.g., Dichter-Mad Family Partners, LLP v. United States, 707 F. Supp. 2d 1016, 1049-50 (C.D. Cal. 2010) (discretionary function exception protected SEC from suit because cause of plaintiffs' injury - "investigators' failure to discover the Madoff fraud and publicize or prosecute it" - was a "totally separate exercise of discretion that was unrelated to the investigators' non-discretionary violations of mandatory case-management rules") (internal quotations omitted).

(West Supp. 2011). The Act further provides that, if it appears that an individual has engaged in a securities violation, the SEC "may in its discretion bring an action" to enjoin such violation. 15 U.S.C.A. § 78u(d)(1) (West 2009). Plaintiffs' allegations that the SEC violated its mandatory duty to retain records are insufficient to alter the Court's earlier conclusion that the DFE applies because, "even if [plaintiffs identified any underlying disregard of a mandatory duty], it would have been necessary for the SEC, in its discretion, to decide how to proceed had the underlying investigative conduct yielded different information or conclusions." (Opinion at 24.)

Plaintiffs' Request for Jurisdictional Discovery is Denied

This Court denied Plaintiffs' previous request for jurisdictional discovery, finding that "Plaintiffs [had] identified no statutory or regulatory provision that suggests the existence of prescriptive rules for the conduct of SEC investigations, and there is no reason to believe that information concerning any such duties would not be publicly available." (Opinion at 26.) Plaintiffs now request access to the SEC's Enforcement Division Intranet, claiming that the Intranet may contain manuals or directives relevant to the Madoff investigations. Plaintiffs refer to the OIG Records Report in support of their request, noting that the Report found that the Enforcement Division's case closing manual, which memorialized the SEC's policy of destroying documents, was available through the Intranet. (See OIG Records Report at 2.) As previously explained, however, the SEC's alleged policy of improperly destroying documents does not affect the Court's discretionary function analysis. Plaintiffs have proffered no new allegations indicating that their requested discovery is likely to produce evidence of prescriptive rules for the conduct of SEC investigations. Therefore, Plaintiffs' request for jurisdictional discovery is denied.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion is denied and the Court's judgment dismissing this case for lack of jurisdiction stands. This Memorandum Order resolves docket entry no. 51.

The parallel applications in the related cases are also denied. The Clerk of Court is requested to enter this Memorandum Order in the following twenty-seven additional actions: 10 Civ. 2483, 10 Civ. 2484, 10 Civ. 7367, 10 Civ. 8331, 10 Civ. 8348, 10 Civ. 8349, 10 Civ. 8619, 10 Civ. 8887, 10 Civ. 8888, 10 Civ. 9213, 11 Civ. 0521, 11 Civ. 0890, 11 Civ. 1131, 11 Civ. 1250, 11 Civ. 1251, 11 Civ. 1252, 11 Civ. 1370, 11 Civ. 1447, 11 Civ. 1448, 11 Civ. 1449, 11 Civ. 1450, 11 Civ. 1557, 11 Civ. 1629, 11 Civ. 1673, 11 Civ. 2312, 11 Civ. 2313, and 11 Civ. 2316.

Dated: New York, New York
      January 24, 2012

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge